HEIRS OF JUANA RAMOS LATOUR, Plaintiffs and Appellants, *v.* JOSÉ RIVERA SALAMÁN ET AL., Defendants and Appellees.

No. 5347. Argued November 24, 1930.—Decided December 19, 1930.

*A. Marín Marién* for appellants. *Manuel F. Rossy* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The appellees have moved for a dismissal of this appeal for failure of the appellants to file their brief in time.

The transcript was filed on August 27, 1930, and the motion to dismiss was presented on the 25th of the following October; so that the time prescribed had expired more than one month and a half previously, without the appellant complying with the rule of this court in that respect.

On October 31, 1930, the appellants filed their brief and, on the 24th of the following November, they entered an opposition to the motion to dismiss. They admitted the truth of the facts alleged by the appellees, but invoking the discretion of the Court, they prayed that their brief be accepted and the prosecution of the appeal allowed to continue, because their failure to file the brief in time or to apply for an extension for that purpose, was due to the fact that at the expiration of the prescribed period its attorney was out of the city and, on his return, he continued working on the brief without being able to finish the same, as his attention was required by other important matters; that he continued working on the said brief during October but, owing to his wife becoming ill, it was impossible for him to finish the

same until October 31, when he filed it in the office of the secretary of this court.

It is true that it is within our discretion not to dismiss an appeal in proper cases when the brief is not presented in time; but after considering the reasons assigned by counsel for the appellants and the antecedents of the appeal, we are of the opinion that we ought not to exercise our discretion in their favor in the present case.

The period prescribed by our Rules for filing briefs on appeal is short, but it can be extended. If upon his return to the city, on September 7, the attorney learned that said period had expired, he ought immediately to have applied to this court for an extension of time. He failed to do so. That he had time for that, appears from his own motion, since we know from it that he had been busily engaged in other judicial matters. The illness of his wife, as alleged, occurred only during the month of October.

Besides, an examination of the record discloses that in May, 1930, the appellees moved for a dismissal of the appeal from the judgment of voluntary dismissal rendered in the case on September 17, 1929, on the ground that the appeal had not been timely taken; that the appellants objected and this court finally denied the motion, because in our opinion the judgment had not been duly notified to the appellants and, consequently, when the appeal was taken the time for appeal had not expired, and because notwithstanding the judgment had been rendered on 'appellants' own motion, they were entitled to appeal therefrom as costs had been imposed on them, including attorney's fees.

It will be seen, then, that no difficult case was involved, and this conclusion is confirmed by a cursory examination of the brief filed on October 31.

Therefore, as the brief was filed more than one month and a half after the expiration of the prescribed period and five days after the adverse party availed itself of its right to

move for a dismissal on that ground, and as the reasons urged by the appellants in support of the exercise of this court's discretion in their favor are not sufficient, the motion must be sustained and the appeal dismissed.